RECEIVED
USDC CLERK, CHARLESTON, SC

2005 NOV 16 P 5: 32

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Matthew Davis, ) | C. A. No. 2:05-0747-MBS-RSC |
| ) | |
| Plaintiff, ) | |
| ) | |
| -versus- ) | **REPORT AND RECOMMENDATION** |
| ) | |
| United States of America, ) | |
| Mr. Alberto Gonzales, U. S. ) | |
| Attorney General, Anna Mills ) | |
| S. Wagoner, U. S. Attorney for ) | |
| the Middle District of North ) | |
| Carolina, Jonathan S. Gasser, ) | |
| U. S. Attorney for the ) | |
| District of South Carolina, ) | |
| Barbara M. Bowens, Assistant ) | |
| U. S. Attorney for the ) | |
| District of South Carolina, ) | |
| and Warden, Charleston County ) | |
| Detention Center, all in their ) | |
| individual and official ) | |
| capacities, ) | |
| ) | |
| Defendants. ) | |

This petition for a writ of habeas corpus and other causes of action brought by a federal prisoner housed at Federal Correctional Institution (FCI), Butner, North Carolina, proceeding pro se is before the undersigned United States Magistrate Judge for a Report and Recommendation on the defendants' motions for summary judgment and the plaintiff's motion to amend the complaint. 28 U.S.C. § 636(b).

On March 22, 2005, the petitioner, Matthew Davis, filed this petition and brought claims pursuant to 28 U.S.C. § 2241[1], the Little Tucker Act, 28 U.S.C. § 1346 (a)(2), and 28 U.S.C. § 1361, an action to compel an officer of the United States to perform his duty. Davis named as defendants the United States of America, Alberto Gonzales, the U.S. Attorney General, Anna Mills S. Wagner, an Assistant United States Attorney in the Middle District of North Carolina, Jonathon S. Gasser, Assistant United States Attorney for the District of South Carolina, Barbara M. Bowen, an Assistant United States Attorney for the District of South Carolina, (the federal defendants), and the Warden of the Charleston County Detention Center. Davis named all defendants

---

[1] § 2241. Power to grant writ
(a) Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions. The order of a circuit judge shall be entered in the records of the district court of the district wherein the restraint complained of is had.
(b) The Supreme Court, any justice thereof, and any circuit judge may decline to entertain an application for a writ of habeas corpus and may transfer the application for hearing and determination to the district court having jurisdiction to entertain it.
(c) The writ of habeas corpus shall not extend to a prisoner unless--
    1) He is in custody under or by color of the authority of the United States or is committed for trial before some court thereof; or
    (2) He is in custody for an act done or omitted in pursuance of an Act of Congress, or an order, process, judgment or decree of a court or judge of the United States; or
    (3) He is in custody in violation of the Constitution or laws or treaties of the United States.

in their official and individual capacities and seeks various forms of relief.

On August 16, 2005, the Warden filed a motion for summary judgment. On August 17, 2005, Davis was provided a copy of the motion and exhibits along with an explanation of dismissal and summary judgment procedure as well as pertinent extracts from Rules 12 and 56 of the Federal Rules of Civil Procedure similar to that required by <u>Roseboro v. Garrison</u>, 528 F.2d 309 (4th Cir. 1975). Davis filed an opposition to the Warden's motion on August 23, 2005. Next, the federal defendants filed a motion to dismiss on August 31, 2005. Again, on September 2, 2005, Davis was provided a copy of the motion and a <u>Roseboro</u> order to which he responded on October 5, 2005. Hence, it appears consideration of the matter is appropriate.

A review of the record and relevant case law indicates that the motions should be granted and this matter ended.

## PROCEDURAL HISTORY

On November 27, 1995, Matthew Davis, along with two others, was indicted by the Grand Jury sitting for the Middle District of North Carolina, in a six (6) count Indictment charging violations of Title 21, United States Code, Sections 846 (Conspiracy in Counts One and Two), 841(a)(1) (Possession with Intent to Distribute in Counts Three and Six), 860 (Distribution Near a Public School in Count Four), and Title 18, United States Code,

3

Section 924(c)(I) (Use of a Firearm in Relation to a Drug Trafficking Crime in Count Five). On January 22, 1996, Davis pled guilty to Counts One, Four, and Five.

On November 13, 1997, Davis was sentenced to 420 months imprisonment as to Count One and 420 months imprisonment as to Count Two, to run concurrently; and 60 imprisonment as to Count Five, to run consecutively. Davis reported to FCI-Butner January 12, 1998.

Davis filed at least three motions to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, alleging among other things, that he was forced to work as an undercover agent without payment which deprived him of his constitutional rights, he was subjected to false testimony by the U. S. Attorney's Office and his own defense attorney, that he was actually innocent and denied due process, that he was denied effective counsel, and that he was immune from prosecution, all of which were denied by the District Court, Middle District of North Carolina. Additionally, Davis filed an appeal in the Fourth Circuit challenging the District Court's refusal to allow him to withdraw his guilty plea, and the Fourth Circuit affirmed the District Court's denial of his motion to withdraw his plea.

From February 16, 2005 through April 26, 2005, Davis was housed at the Charleston County Detention Center by the United States Marshall Service for the purpose of trial in a civil

rights action in this court. C. A. No. 2:02-0078-24AJ.

While in Charleston, South Carolina Davis filed the instant action and amended it on April 11, 2005. Davis filed the instant action and brought five causes of action against all defendants:

Count One: 28 U.S.C. § 1346(a)(2) Little Tucker Act, for breach of contract not exceeding $10,000.00;

Count Two: 28 U.S.C. § 1361 Action to compel an officer of the United States to perform his duty;

Count Three: 28 U.S.C. § 2241 Writ of Habeas Corpus for relief because plaintiff is actually innocent of his criminal conviction;

Count Four: 28 U.S.C. § 2241 Writ of Habeas Corpus for relief because plaintiff was a government agent at he time of his conspiracy conviction and therefore, innocent of his criminal conviction;

Count Five: 28 U.S.C. § 2241 Writ of Habeas Corpus for relief because plaintiff's state court drug conviction was used against him in his federal conviction and sentence.

## DISCUSSION

A review of the record and relevant case law reveals that Davis failed to establish that this case is in the proper venue for any of the five causes of action and the matter should be dismissed without prejudice as a result.

The defendants have asserted that venue is improper here. When venue is challenged by a defendant, the burden is on the plaintiff to show that venue is proper. Wright, Miller, & Cooper, Federal Practice and Procedure, Venue, § 3826, page 168; see, e.g., Jet Charter Service Inc. v. W. Koeck, 907 F.2d 1110, 1112 (11th Cir. 1990). Davis has simply failed to carry his burden.

Davis' first cause of action alleges a breach of contract, a violation of 28 U.S.C. § 1346(a)(2), commonly referred to as "The Little Tucker Act". A claim under The Little Tucker Act must be brought in the judicial district where the plaintiff resides, pursuant to 28 U.S.C. § 1402(a). ("Any civil action in a district court against the United States under subsection (a) of section 1346 of this title may be prosecuted only ... in the judicial district where the plaintiff resides;... .").

Prior to being incarcerated in FCI Butner, North Carolina, and during all times relevant to the facts alleged, Davis resided in the Middle District of North Carolina at 2920 Gilmer Avenue, Winston-Salem, North Carolina. Davis maintains this address as his "Legal Residence" in his BOP records. Therefore, venue is improper in South Carolina. See, Mitchell v. Brown & Williamson Tobacco Corp., 294 F.3d 1309 (11th Cir. 2002)(Prisoner retains former state of residency while incarcerated). In fact, Davis was only in South Carolina for a period of 68 days, from February

6

16, 2005 through April 26, 2005, for purposes of drawing a jury in United States District Court for C.A. No. 2:02-0078-24AJ. At the conclusion of that matter, Davis was returned to FCI-Butner, North Carolina. It was during that time, and that time only, that Davis was in South Carolina, and it was then that Davis filed the Complaint and Amended Complaint in the instant case. Davis has no other connection to this state, and none of the events or omissions complained of have any nexus to this state.

The second cause of action alleges that an implied-in-fact contract existed whereby information of state-court drug conduct could not be used against Davis in a federal court prosecution. Thereafter, that information was allegedly used against him which violated the contract and gave rise to a cause of action under 28 U.S.C. § 1361. Such claim may only be brought where the defendant resides, a substantial part of the events or omissions giving rise to the claim occurred, or where the plaintiff resides. 28 U.S.C. § 1391. All of the events or omissions giving rise to this claim occurred in the Middle District of North Carolina, and again, Davis resides in North Carolina. Therefore, venue for this claim is improper in South Carolina.

Davis' third, fourth, and fifth causes of action allege that he is entitled to relief pursuant to a writ of habeas corpus. An application for relief under a writ of habeas corpus must be filed in the district wherein the restraint complained of is had.

See, e.g., Rumsfeld v. Padilla, 124 S.Ct. 2711, 2724 (2004). The court issuing the writ under § 2241 must have jurisdiction over the custodian of the petitioner. Braden v. 30th Judicial Circuit Court, 93 S.Ct. 1123 (1973); see also, United States v. Little, 392 F.3d 671, 680 (4th Cir. 2004). Again, Davis is incarcerated in the Middle District of North Carolina. Therefore, venue is proper only in North Carolina.

Additionally, it appears that so much of this complaint as seeks habeas corpus relief is deficient for a number of other reasons. First, it is duplicative of the petition filed in this court on March 3, 2005, and is before the district judge with a report and recommendation for summary dismissal (C.A. No. 2:05-679-MBS). Second, the claim for habeas corpus relief is not set out on the appropriate form, and as a result does not include the information required to be presented in a petition. Rule 2, Rules Governing Section 2254 Cases. Finally, it appears Davis is attempting to challenge multiple judgments stating, "Plaintiffs convictions and sentence are illegal", but it is difficult to determine which convictions he is attacking from his pleadings. Nevertheless Rule 2(e) requires separate petitions to challenge separate judgments.

## CONCLUSION

Accordingly, for the aforementioned reasons, it appears that the action should be dismissed without prejudice to bringing the

8

action in the proper venue and the plaintiff's motion to amend the complaint be denied as futile.

                          Respectfully Submitted,

                          Robert S. Carr
                          United States Magistrate Judge

Charleston, South Carolina

November /6, 2005

### Notice of Right to File Objections to Magistrate Judge's "Report and Recommendation"
### &
### The Serious Consequences of a Failure to Do So

The plaintiff is hereby notified that any objections to the attached Report and Recommendation (or Order and Recommendation) must be filed within ten (10) days of the date of its filing. 28 U.S.C. § 636 and Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail. Fed. R. Civ. P. 6. Based thereon, this Report and Recommendation, any objections thereto, and the case file will be delivered to a United States District Judge fourteen (14) days after this Report and Recommendation is filed. Advance Coating Technology, Inc. v. LEP Chemical, Ltd., 142 F.R.D. 91, 94 & n. 3, 1992 U.S.Dist. LEXIS® 6243 (S.D.N.Y. 1992). A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge. *See* Mathews v. Weber, 423 U.S. 261, 270-271 (1976); and Estrada v. Witkowski, 816 F. Supp. 408, 410, 1993 U.S.Dist. LEXIS® 3411 (D.S.C. 1993).

During the ten-day period, <u>but</u> <u>not</u> <u>thereafter</u>, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he or she wishes the United States District Judge to consider any objections. Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections. Failure to file written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge. *See* United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir.), *cert. denied*, Schronce v. United States, 467 U.S. 1208 (1984); and Wright v. Collins, 766 F.2d 841, 845-847 & nn. 1-3 (4th Cir. 1985). Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he or she did not object. In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues. Howard v. Secretary of HHS, 932 F.2d 505, 508-509, 1991 U.S.App. LEXIS® 8487 (6th Cir. 1991). *See also* Praylow v. Martin, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), *cert. denied*, 474 U.S. 1009 (1985). In Howard, *supra*, the Court stated that general, non-specific objections are *not* sufficient:

> A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless. * * * This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. * * * We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.

*Accord* Lockert v. Faulkner, 843 F.2d 1015, 1017-1019 (7th Cir. 1988), where the Court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review. * * * A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.

*See also* Branch v. Martin, 886 F.2d 1043, 1046, 1989 U.S.App. LEXIS® 15,084 (8th Cir. 1989)("no de novo review if objections are untimely or general"), which involved a *pro se* litigant; and Goney v. Clark, 749 F.2d 5, 7 n. 1 (3rd Cir. 1984)("plaintiff's objections lacked the specificity to trigger *de novo* review"). This notice, hereby, apprises the plaintiff of the consequences of a failure to file specific, written objections. *See* Wright v. Collins, *supra*; and Small v. Secretary of HHS, 892 F.2d 15, 16, 1989 U.S.App. LEXIS® 19,302 (2nd Cir. 1989). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections addressed as follows:

**Larry W. Propes, Clerk**
**United States District Court**
**Post Office Box 835**
**Charleston, South Carolina 29402**
