IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Matthew Davis, ) | |
| ) | C.A. No.: 2:05-0747-MBS |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| United States of America; ) | |
| Mr. Alberto Gonzales, U.S. Attorney ) | |
| General; Anna Mills S. Wagoner, U.S. ) | |
| Attorney for the Middle District of ) | **OPINION AND ORDER** |
| North Carolina; Jonathan S. Gasser, ) | |
| U.S. Attorney for the District of South ) | |
| Carolina; Barbara M. Bowens, Assistant ) | |
| U.S. Attorney for the District of South ) | |
| Carolina; and Warden, Charleston County ) | |
| Detention Center, all in their individual ) | |
| and official capacities, ) | |
| ) | |
| Defendants. ) | |

Plaintiff Matthew Davis is a federal prisoner housed at the Federal Correctional Institution in Butner, North Carolina. Plaintiff, proceeding pro se, brought this action for a writ of habeas corpus and other causes of action. At the time the complaint was filed, Plaintiff was temporarily housed at the Charleston County Detention Center by the United States Marshal for the purpose of trial in a civil rights action.

On August 16, 2005, Defendant Warden, Charleston County Detention Center filed a motion for summary judgment on the grounds that Plaintiff's complaint was moot because of his transfer back to North Carolina. By order filed August 17, 2005, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), Plaintiff was advised of the summary judgment procedure and the possible consequences if he failed to respond adequately. Plaintiff filed a response on August 23, 2005. On August 31, 2005, The United States filed a motion to dismiss on behalf of

the federal Defendants on the grounds of improper venue. A second Roseboro order was issued on September 2, 2005. Plaintiff filed a response on October 5, 2005.

In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge Robert S. Carr for pretrial handling. The Magistrate Judge filed a Report and Recommendation on November 16, 2005, in which he recommended that the within action be dismissed without prejudice to bringing the case in the proper venue. The Magistrate Judge found that Plaintiff's causes of action under 28 U.S.C. § 1346(a)(2), 28 U.S.C. § 1361, and 28 U.S.C. § 2241 should be dismissed because venue is improper in South Carolina. The Magistrate Judge also determined that the portions of the complaint seeking habeas corpus relief were duplicative of a petition filed on March 3, 2005. Plaintiff filed objections to the report and recommendation on December 7, 2005.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this court. See Mathews v. Weber, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. However, the court need not conduct a *de novo* review when a party makes only general and conclusory objections that do not direct the court to a specific error in the Magistrate Judge's proposed findings and recommendations. Orpiano v. Johnson, 687 F.2d 44, 47-48 (4th Cir. 1982).

Plaintiff alleges that the Magistrate Judge erred in concluding that Plaintiff's domicile was outside of the state of South Carolina and, therefore, was improperly filed in this court. In his objections, Plaintiff asserts that he had substantial and continuous activity in the state of South

Carolina during his incarceration at FCI Edgefield. A prisoner does not acquire a new domicile in the place of his imprisonment but retains the domicile he had prior to incarceration. See Mitchell v. Brown & Williamson, 294 F.3d 1309, 1311 (11th Cir. 2002). Plaintiff's objection is without merit.

Plaintiff also asserts that the Magistrate Judge erred in concluding that this case is subject to dismissal rather than transfer pursuant to 28 U.S.C. § 1404. In cases filed in the wrong venue, the district court may dismiss the case or transfer it to another district if transfer is in the interest of justice. 28 U.S.C. § 1406(a). Plaintiff already has raised his claims in numerous petitions in North Carolina and in a previous petition before the undersigned. Since this matter is res judicata, the court declines Plaintiff's request to transfer the captioned matter to the Middle District of North Carolina.

After a thorough review of the Report and Recommendation and the record in this case, the court adopts the Magistrate Judge's Report and Recommendation and incorporates it herein. Accordingly, the within action is dismissed without prejudice to bringing the action in the proper venue.

For the foregoing reasons, Plaintiff's motion to amend complaint is denied as futile.

**IT IS SO ORDERED.**

/s/ Margaret B. Seymour
United States District Judge

Columbia, South Carolina
February 13, 2005

### NOTICE OF RIGHT TO APPEAL

Plaintiff is hereby notified that he has the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.